UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **YING SHI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0470-CVE-FHM |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **Department of Homeland Security,** ) | |
| **EMILIO T. GONZALEZ, Director,** ) | |
| **U.S. Citizenship and Immigration** ) | |
| **Services, EVELYN M. UPCHURCH,** ) | |
| **Director, Texas Center, U.S. Citizenship** ) | |
| **and Immigration Services, ALBERTO** ) | |
| **GONZALES, United States Attorney** ) | |
| **General, ROBERT MILLER III, Director,** ) | |
| **Federal Bureau of Investigation,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. # 13). Plaintiff Ying Shi ("Shi") filed a complaint seeking mandamus, declaratory, and injunctive relief "to compel action on the clearly delayed processing of an I-485 Application[1] filed by the Plaintiff." Dkt. # 2, at 2. Defendants filed the motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) on the ground that the action is moot. Plaintiff has not responded to defendants' motion to dismiss.

Under Article III of the United States Constitution, federal courts can adjudicate only "actual, ongoing cases or controversies." <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199 (1983). It is well established that, for a case or controversy to be justiciable, it must be "extant at all stages of

---

[1]   The I-485 is an application to register permanent residence or to adjust status.

review, not merely at the time the complaint is filed." <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975); <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997). If events subsequent to the filing of the case resolve the dispute, then the Court should dismiss the case as moot. <u>See</u> <u>Socialist Labor Party v. Gilligan</u>, 406 U.S. 583, 588 (1972).

Plaintiff filed her I-485 and applied for permanent residence on October 2, 2002. She filed this action on September 11, 2006 on the ground that defendants improperly delayed the processing of her application. However, the United States Citizenship and Immigration Services ("CIS") has approved her application. See Dkt. # 13, Ex. A. Since there is no further substantive relief sought by plaintiff, this action is moot, and the Court dismisses the action for lack of subject matter jurisdiction. <u>See</u> <u>Gray v. Office of Pers. Mgmt.</u>, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (holding that plaintiff's mandamus claim was moot because the agency rendered the decision at issue); <u>Kansas City Power & Light Co. v. Pub. Serv. Comm's</u>, 651 F.2d 595, 596 (8th Cir. 1981) (holding that mandamus to compel agency action was moot when agency granted hearing).

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 13) is **granted**. This action is dismissed for lack of subject matter jurisdiction.

**DATED** this 8th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT